UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:14-46 |
| | § | CIVIL NO. 6:16-59 |
| JOHNNY UMANZOR-CARDENAS, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Johnny Umanzor-Cardenas filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 27. Now pending before the Court is the United States' motion for summary judgment (D.E. 31), to which Movant has not responded.

**I. Background**

On August 4, 2014, Movant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 8. A 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was added because Movant had previously been deported after being convicted of felony aggravated assault with a deadly weapon in Harris County, Texas.[1] With a criminal history category of IV, his advisory guideline range was 77 to 96 months' imprisonment. At sentencing, the Court adopted the findings of the PSR and sentenced Movant to a below-guideline sentence of 48 months. Judgment was entered March 10, 2015. Movant did not appeal.

Movant filed the present motion on June 25, 2016, asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016). It is timely. *See* 28 U.S.C. § 2255(f)(3).

---

1. The PSR was prepared using the 2015 Sentencing Guidelines Manual. U.S.S.G. § 2L1.2 was amended in 2016, but the amendment was not retroactive.

1

**II. Legal Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

**III. Movant's Allegations**

Movant's § 2255 motion raises a single claim: In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence enhancement based on a prior conviction for a "crime of violence" was unconstitutional.

**IV. Analysis**

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;"

2

(ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015).

Movant's sentence was enhanced under U.S.S.G. § 2L1.2(b)(1)(A) (2015), which imposed a 16-level enhancement if the defendant was previously deported after a felony conviction for a "crime of violence." "Crime of violence" is defined as:

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, **aggravated assault**, forcible sex offenses . . . , statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

Movant's sentence was enhanced based on his prior felony conviction for aggravated assault with a deadly weapon. Aggravated assault is an enumerated offense under U.S.S.G. § 2L1.2(b)(1). "[B]ecause [Movant's] prior conviction qualifies as a crime of violence pursuant to the list of enumerated offenses contained in U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii), he cannot correctly argue that his sentence was enhanced pursuant to an unconstitutionally vague residual clause." *Polanco-Ozorto v. United States*, 2016 WL 4083063, at *3 (S.D. Tex. June 30, 2016), Mag. Report & Recomm. adopted by 2016 WL 4082723 (July 29, 2016). Moreover, "2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA." *Id.*[2] Thus, "the Court's application of § 2L1.2(b)(1)(A) does not provide him with a basis to formulate a claim

---

2. *Cf.* 18 U.S.C. §924(e)(2)(b) (defining a "violent felony" as any felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"); U.S.S.G § 2L1.2 cmt. n.1(B)(iii) (defining a "crime of violence" as any other offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another").

3

under *Johnson*." *Villarreal-Medrano v. United States*, 2016 WL 4194139, at *3 (S.D. Tex. July 15, 2016), Mag. Report & Recomm. adopted by 2016 WL 4197599 (S.D. Tex. Aug. 8, 2016).

**V. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA— that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion for summary judgment (D.E. 31) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 27) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 11th day of January, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE